UNITED STATES DISTIRCT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **MAURICE HERBOLDSHEIMER, JR.** | **CIVIL ACTION NO.** |
| **VERSUS** | |
| **M/V CANDY COTTON, LLC, STONE ENERGY CORPORATION, and CANDY FLEET, LLC** | **JUDGE** |
| | **MAGISTRATE JUDGE** |

**COMPLAINT FOR DAMAGES**

*NOW INTO COURT*, through undersigned counsel, come plaintiff, **MAURICE HERBOLDSHEIMER, JR.**, a person of the full age of majority and citizen of and resident of the United States of America, State of Louisiana, Parish of Lafayette, whom respectfully represent that:

1.

Made defendants herein are:

A. **M/V CANDY COTTON, LLC**, a domestic corporation authorized to do business in the State of Louisiana whose primary place of business is St. Mary Parish;

B. **STONE ENERGY CORPORATION**, a foreign corporation authorized to do business in the State of Louisiana whose principal place of business is Lafayette Parish; and

C. **CANDY FLEET, LLC**, a domestic corporation authorized to do business in the State of Louisiana whose primary place of business is St. Mary Parish.

2.

This case arises from a March 27, 2012 incident when **HERBOLDSHEIMER** was

injured on a vessel on navigable waters while transferring in a personnel basket from the M/V Candy Cotton to a platform located at Mississippi Canyon Block 109 in the Gulf of Mexico off the coast of Louisiana.

3.

Plaintiff brings this action pursuant to the Admiralty and General Maritime Law of the United States. Jurisdiction is pursuant to 28 U.S.C. § 1333; 28 U.S.C. § 1331; 33 U.S.C. § 905 (b) and this case is plead under FRCP 9(h).

4.

**M/V CANDY COTTON, LLC** on March 27, 2012, owned the **M/V CANDY COTTON.**

5.

**STONE ENERGY CORPORATION** is an independent oil and natural gas exploration and production company headquartered in Lafayette, Louisiana with additional offices in New Orleans, Houston and Morgantown.

6.

**CANDY FLEET LLC** is a leading provider of technologically-advanced offshore supply vessels.

7.

On March 27, 2012, **MAURICE HERBOLDSHEIMER, JR.** was employed by Acadian Ambulance Service, Inc.

8.

On or about March 27, 2012 **MAURICE HERBOLDSHEIMER, JR.** was being

offloaded from the vessel **M/V CANDY COTTON**.

9.

**HERBOLDSHEIMER** was being off-loaded in a personnel basket via a crane located on the platform.

10.

On or about March 27, 2012 the crane operator was lifting the personnel basket in which **HERBOLDSHEIMER** was being transported from vessel to platform.

11.

**MAURICE HERBOLDSHEIMER, JR.**, was in the personnel basket being transported from vessel to platform.

12.

As the crane operator lifted up on the personnel basket, he swung the basket towards the rail of the vessel, **CANDY COTTON**. The deck hand on the **M/V CANDY COTTON** pulled hard on the tagline of the basket, rotating the basket with **HERBOLDSHEIMER** slamming into the vessel pipe rail of the **M/V CANDY COTTON**, the crane operator continued to lift the basket causing **HERBOLDSHEIMER** to be jammed into the vessel pipe railing.

13.

**HERBOLDSHEIMER** was injured on the vessel.

14.

The deckhand handling the tagline of the basket on the **M/V CANDY COTTON**, upon information and belief was an employee of **CANDY FLEET, LLC** or **M/V CANDY**

COTTON, LLC.

15.

The crane was operated, upon information and belief, by an employee of **STONE ENERGY CORPORATION** at the **STONE ENERGY CORPORATIONS** South Pass (SP) 38 A Platform in the Gulf of Mexico.

16.

The incident occurred off of the coast of Louisiana, Area/Block MC 109 of the navigable waters of the Gulf of Mexico.

17.

The **M/V CANDY COTTON** is an offshore supply vessel powered by 4 propulsion engines 700 HP each; length of 145 feet; beam 27 feet; deck space 85 feet long by 21 feet wide; deck capacity 140 long tons; hull depth 11 feet 9 inches; passengers 56; crew accommodations 9; speed 25 knots operating in navigable waters of the United States of America in the Gulf of Mexico, off the coast of Louisiana.

18.

The M/V Candy Cotton was operated, chartered, managed, leased and/or controlled by defendant, **M/V CANDY COTTON, LLC.**

19.

In the alternative, the M/V Candy Cotton was operated, chartered, managed, leased and/or controlled by defendant, **STONE ENERGY CORPORATION**.

20.

In the alternative, the M/V Candy Cotton was operated, chartered, managed, leased

and/or controlled by defendant, **CANDY FLEET, LLC**.

21.

On or about March 27, 2012 the aforementioned accident was caused by the negligence, fault and/or strict liability of the defendants, in the following, non-exclusive manner:

      a) Improper tag line operation;

      b) Improper crane operation;

      c) Failure to provide safe egress from the vessel;

      d) Failure to communicate;

      e) Failure to see;

      f) Failing to conduct the personnel basket transfer in a reasonably safe manner;

      g) Failure to train;

      h) Failure to supervise;

      i) Maintaining and creating an unsafe work environment;

      j) Failing to provide and assign and adequate and competent crew;

      k) Failing to properly train and provide a properly trained crew;

      l) Maintaining and providing an incompetent and inadequate crew;

      m) Failing to properly supervise and/or instruct in the safe method to carry out orders;

      n) Failing to enforce and promulgate proper safety procedures;

      o) Failure to provide a safe place to work;

      p) Failure to exercise reasonable care in the maintenance of a safe work environment;

q) Failing to provide a seaworthy vessel;

r) Failing to provide a seaworthy crew;

s) Failing to provide seaworthy appurtenances;

t) Failing to provide a vessel and its appurtenances reasonably fit for its intended purpose;

u) Failure to properly maintain and inspect;

v) Failure to abide by recognized safety rules;

w) Failure to provide proper equipment to do the assigned task;

x) Failure to exercise reasonable care towards persons lawfully aboard the vessel, who are not members of the crew;

y) Failure to provide a safe means of ingress;

z) Failure to provide appropriate communication devices; and

aa) Other acts of negligence, fault, strict liability and unseaworthiness that will be determined in discovery and shown at the trial of this matter.

22.

As a result of the aforementioned accident, and as the direct and proximate cause of defendant's fault, negligence, strict liability and unseaworthiness, **MAURICE HERBOLDSHEIMER, JR.**, received injuries to his mind, body, back, and a surgical procedure for total hip replacement, during the course and scope of his employment.

23.

In the alternative, if it is shown plaintiff had a pre-existing condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

24.

As a result of the above described accident, complainant, **MAURICE HERBOLDSHEIMER, JR.**, sustained the following, among other past, present and future damages:

a) Pain and suffering;

b) Loss of enjoyment of life;

c) Medical expenses;

d) Loss of past earnings;

e) Loss of anticipated future earnings;

f) Loss of earning capacity;

g) Loss of fringe benefits;

h) Disability and scarring;

i) Living expenses;

j) Emotional distress, mental anguish, humiliation and embarrassment, past and future;

k) Interest; and

l) Cost.

Thus, Complainant, **MAURICE HERBOLDSHEIMER, JR.**, desires and is entitled to such damages as is reasonable in the premises.

25.

The defendants are vicariously liable for the negligence and/or fault of its

employees.

      *WHEREFORE*, COMPLAINANT PRAYS that after due proceedings and the expiration of legal delays:

1. That defendants be served with a copy of this complaint and be duly cited to appear and answer same;

2. There be judgment rendered herein in favor of complainant, **MAURICE HERBOLDSHEIMER, JR.**, and against the defendants, **M/V CANDY COTTON, LLC**, **STONE ENERGY CORPORATION, and CANDY FLEET, LLC** for such damages as are reasonable in the premises, together with the maximum legal interest thereon from date of the accident until paid and for all cost of this proceeding; and

3. All orders and relief, general and specific, legal and equitable necessary in the premises.

                                              **NEBLETT, BEARD & ARSENAULT**

                                       By: _/s/ David O. Walker_
                                               DAVID O. WALKER (14480)
                                               Post Office Box 1190
                                               Alexandria, Louisiana 71309
                                               (318) 487-9874
                                               **ATTORNEYS FOR PLAINTIFFS**